IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAMMIE HARPER )
)
v. ) NO. 3:08-0375
)
MID CUMBERLAND AND CITY OF )
FRANKLIN POLICE DEPARTMENT )
et al. )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered April 21, 2008 (Docket Entry No. 2), this civil action was referred to the Magistrate Judge, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), for scheduling pre-trial discovery, monitoring the progress of the parties, and consideration of all pretrial matters.

Plaintiff filed this action pro se on April 11, 2008, against Mid Cumberland, a Tennessee business, and the Police Department for the City of Franklin, Tennessee. She alleges that, on April 11, 2007, she was in a public building when she was arrested "for no reason" by a police officer. She seeks damages against both defendants but sets forth no specific cause of action or basis for the assertion of federal jurisdiction over the complaint.

By Order entered May 5, 2008 (Docket Entry No. 4), the Court advised Plaintiff that she was responsible for serving the defendants with the summons and complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure and that she must serve the defendants with the summons and

complaint within 120 days of the filing of her complaint or her complaint would be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

The record in this action shows the defendants have not been served with process in this action. Indeed, there has been no activity on the part of Plaintiff since the filing of her complaint.

Accordingly, the Court recommends that this action be dismissed. The defendants have not been served with process within 120 days of the date this action was filed as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice. Although the Court alerted Plaintiff that it is her responsibility to serve the defendants with process, she has not done so and has not shown good cause for her continued delay in accomplishing service of process on the defendants.

Furthermore, it is well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's conduct in this case also warrants dismissal of the action under Rule 41(b), and under Local Rule 41.01, which provides that a civil action in which there has been no activity for six (6) months shall be dismissed without prejudice as a matter of course.

---

[1] Because Plaintiff paid the filing fee and is not proceeding in forma pauperis, she is responsible for service of process.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.01.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge